IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE OLIVIO<br>50 Henry Avenue<br>Feasterville, PA 19053<br><br>            Plaintiff,<br><br>v.<br><br>HAYDON BOLTS, INC.<br>1181 Unity Street<br>Philadelphia, PA 19124<br><br>            Defendant. | CIVIL ACTION<br><br>No.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Jamie Olivio (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1.  Plaintiff has initiated this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 *et. seq.*)[1]. Plaintiff asserts herein that she was unlawfully terminated from her employment with Defendant in violation of these laws and seeks damages as set forth more fully herein.

### II. Jurisdiction and Venue

2.  This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of

---

[1] Plaintiff will move to amend her instant lawsuit to include a claim under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant ADA claims identically.

jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. State of Washington</u>, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as her federal claims herein.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult female who resides at the above-captioned address.

7. Defendant Haydon Bolts, Inc. (hereinafter "Defendant") is in the business of manufacturing and distributing construction fasteners and is headquartered at the above-captioned address.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## IV. Factual Background

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is an adult female.

11. Plaintiff was employed with Defendant for approximately eighteen (18) years.

12. Throughout her employment with Defendant, Plaintiff performed various positions within Defendant, including but not limited to various office and clerk positions within Defendant's headquarters.

13. At the time of her termination from Defendant (discussed further *infra*), Plaintiff was employed as an accounts payable clerk.

14. During Plaintiff's employment with Defendant, she was supervised by Defendant's Sales Manager, Richard Giusti (*hereinafter* referred to as "Giusti").

15. Throughout her employment with Defendant, Plaintiff was a dedicated and hard-working employee who performed her job well.

16. However, while under the supervision of Giusti, Giusti would consistently subject Plaintiff to discriminatory and disparate treatment based on her gender, including but not limited to (1) make demeaning and discriminatory comments to Plaintiff about her gender; (2) threatening to replace Plaintiff with a male; and (3) refusing to hire Plaintiff for certain positions because she was a female.

17. Giusti's aforementioned comments included but were not limited to telling Plaintiff that she was replaceable by any male, that she would not be considered for certain open positions because she was a female, that he would never hire a female into certain positions, and that she did not belong in the workplace because she was a woman.

3

18. Giusti's aforementioned comments continued throughout Plaintiff's employment, despite Plaintiff's repeated complaints and requests for him to cease making such discriminatory and derogatory comments.

19. Furthermore, throughout Plaintiff's employment with Defendant, Giusti consistently subjected Plaintiff to other kinds disparate, demeaning and/or discriminatory conduct based on her gender.

20. The aforementioned discriminatory conduct included but was not limited to (1) denying Plaintiff a raise while other male employees would receive raises; (2) denying Plaintiff open and available job opportunities, despite her qualifications, and instead hire males into such positions whom Plaintiff would then be forced to train in those positions; and (3) assigning Plaintiff additional and disproportionate amounts of work assignments as compared to her male counterparts.

21. On one particular occasion, Plaintiff had asked Giusti to be considered for the purchaser's position; however, Giusti denied her the position, stated that he was not considering women for the position, and subsequently hired a male. Plaintiff later assisted in training the newly-hired male to perform his duties as a purchaser.

22. Plaintiff complained multiple times that Giusti was subjecting her to gender discrimination; however, despite her complaints of discrimination, Giusti's discriminatory conduct continued.

23. Additionally, throughout Plaintiff's employment with Defendant, she witnessed other woman being subjected to discriminatory, demeaning and derogatory conduct based on their gender, including but limited to:

a. Males being hired for open positions within the company while equally-qualified women were denied such positions;

b. Defendant's management denying female employees membership into the union and comparable raises even though their male counterparts are encouraged to join the union and are given regular raises; and

c. Woman receiving increasingly more job duties than their male counterparts.

24. Approximately three (3) weeks prior to Plaintiff's termination (discussed *infra*), Giusti made a demeaning and/or discriminatory comment that he could and would replace Plaintiff with two (2) males and would fire her.

25. At the time Giusti made such comment (as discussed in Paragraph 24 of this Complaint), Plaintiff was performing the job duties of an accounts payable clerk and a certification clerk within an office which only had approximately three (3) other women. The rest of the company, approximately fifty (50) employees in total, are upon information and belief male.

26. Because Plaintiff was performing the role of an accounts payable clerk and a certification clerk (as discussed *supra*), she was given an extraordinary amount of work in comparison to her male counterparts and was told by Defendant's management (shortly before her termination), including but not limited to Giusti, (shortly before her termination) that she was not to continue working both positions and the duties she was performing as a certification clerk would be delegated out to her fellow co-workers.

27. On or about March 9, 2016, Giusti started screaming and cursing at Plaintiff that she had not completed her work, despite his instructions to stop performing the duties of a

5

certification clerk and that he would delegate such duties to her fellow co-workers (as discussed *supra*).

28. As Giusti was screaming and cursing at Plaintiff (as discussed *supra*), he stated that Plaintiff was terminated for insubordination after nearly eighteen (18) years of employment, which is completely false and fabricated.

29. Plaintiff therefore believes and avers that her termination from Defendant was completely pretextual, as she was terminated (1) in close proximity to Defendant's management discriminatory and/or demeaning comments regarding replacing Plaintiff with a male; (2) after being subject to continuous and consistent disparate and discriminatory treatment by Defendant's management; and (3) in close proximity to her last complaints of gender discrimination.

**First Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Gender Discrimination [2] Hostile Work Environment & [3] Retaliation)**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff was consistently and continuously subjected to demeaning, derogatory and/or discriminatory comments and conduct by Defendant's management throughout her employment with Defendant, including but limited to denying her positions, denying her raises and giving her disproportionate work duties as compared to her male co-workers (as discussed *supra*).

32. Defendant's management's disparate and discriminatory treatment of Plaintiff was severe and pervasive and interfered with Plaintiff's job duties to the extent that Plaintiff had to complain to the Defendant's management on several occasions in advance of her termination from Defendant's company.

6

33. Plaintiff believes and avers that she was subjected to a hostile work environment and ultimately terminated because of her gender and/or because her complaints of gender discrimination.

34. These actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of retaliating against employees and are to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendant from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

  G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

            Respectfully submitted,

            **KARPF, KARPF & CERUTTI, P.C.**

            _____
            Ari R. Karpf, Esquire
            3331 Street Road
            Building 2, Suite 128
            Bensalem, PA 19020
Dated: 9/23/16         (215) 639-0801

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JAMIE OLIVIO | : | CIVIL ACTION |
| v. | : | |
| HAYDON BOLTS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

9/26/16  _[signature]_                              Plaintiff
**Date**   **Attorney-at-law**                     **Attorney for**

(215) 639-0801   (215) 639-4970    akarpf@karpf-law.com
**Telephone**    **FAX Number**    **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 50 Henry Avenue, Feasterville, PA 19053

Address of Defendant: 1181 Unity Street, Philadelphia, PA 19124

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/26/16        Attorney-at-Law        ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/26/16        Attorney-at-Law        ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| OLIVIO, JAMIE | HAYDON BOLTS, INC. |
| (b) County of Residence of First Listed Plaintiff  Bucks<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Philadelphia<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:**<br>☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act "Title VII" 42USC2000
Brief description of cause:
Violations of Title VII and the PHRA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 9/20/16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[ Print ] [ Save As... ] [ Reset ]